IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
Orlando Division

RIMI U. LEBEOUF
    Plaintiff,

CASE NUMBER: 6-14-cv-864-Orl-31KRS

vs.

STELLAR RECOVERY INC and
HAYT, HAYT, LANDAU, PL,
    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendants STELLAR RECOVERY INC and HAYT HAYT LANDAU, PL, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* (hereinafter "FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq.* (hereinafter "FCCPA"); these laws prevent debt collectors and "persons" from, *inter alia*, engaging in abusive, deceptive, harassing, and unfair collection practices.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337, 1367, and Fla. Stat. § 559.77(1). This is an action for damages brought by an individual consumer for Defendant STELLAR RECOVERY INC and HAYT HAYT LANDAU, PL, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* (hereinafter "FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq.* (hereinafter "FCCPA"); these laws prevent debt collectors and "persons" from, *inter alia*, engaging in abusive, deceptive, harassing, and unfair collection practices.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(d), as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

4.     Plaintiff, RIMI U. LEBEOUF (hereinafter "Plaintiff" or "Ms. Lebeouf"), is an individual who is domiciled in the county of Brevard, state of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2), and is also a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5.     Defendant, STELLAR RECOVERY, LLC (hereinafter "Stellar"), is a for profit limited liability company, incorporated under the laws of the state of Florida, with its principal place of business located at 4500 SALISBURY ROAD, SUITE 105, JACKSONVILLE, FL 32216. Further, Defendant received assignment of this debt after Plaintiff had allegedly defaulted to the original creditor.

6.     Defendant is a "debt collector" within the meaning of FDCPA.

7.     Defendant is a "creditor" within the meaning of FCCPA, Fla. Stat. § 559.55(6).

8.     Defendant in the regular course of its business, the principal purpose of which is the collection of consumer debts, regularly purchases delinquent debts that are in default at the time of purchase.

9.     Defendant, HAYT HAYT & LANDAU PL (hereinafter "HAYT") is a for profit professional limited liability company, incorporated under the laws of the state of Florida, with its principal place of business located at 7765 S.W. 87TH AVENUE, SUITE 101, MIAMI, FL 33173.

10.    Defendant Hayt is a "debt collector" within the meaning of FDCPA.

11.    Defendant Hayt is a "creditor" within the meaning of FCCPA, Fla. Stat. § 559.55(6).

12.    Defendant HAYT's business activities in Florida involve collecting or attempting to collect consumer debt from debtors located in Florida.

## FACTUAL ALLEGATIONS

1.     Plaintiff, RIMI U. LEBEOUF was the subject of collection efforts by Defendant through its employees, agents and/or authorized agents concerning a debt, defined under the meaning and purview of the FDCPA and FCCPA.

1.     The Defendant Stellar, through its employees agents representatives HAYT commenced an action against the Plaintiff, RIMI LEBEOUF, under case number

2013-CC-041721 in Brevard County, Florida (hereinafter "State Court Action") personally on or about December 16, 2013. (See attached, Exhibit "A")

2. Ms. LeBeouf was subsequently served with the Summons and Complaint in this the State Court Action and retained an attorney to defend her.

3. Ms. LeBeouf through her attorney filed an Answer and Affirmative Defenses in response to the Complaint filed in the State action on January 16, 2014, serving Plaintiff's counsel via email pursuant to Florida Rules of Civil Procedure. (See attached, Exhibit "B")

4. Despite an Answer being filed in the State action, Plaintiff filed its Motion for Default by Clerk on April 16, 2014. (See attached, Exhibit "C")

5. On April 22, 2014 Clerk entered and forwarded to Plaintiff's counsel, via first class mail, its Certificate of Clerk Regarding entry of Default advising Plaintiff's counsel that the Default was not entered because Answer was filed on January 16, 2014. (See attached, Exhibit "D")

6. Additionally a review of the clerk's website of this matter on April 22, 2014 clearly shows that a Clerk's Default was not entered. (See attached, Exhibit "E")

7. Despite being notified by the clerk that an answer was filed in this action, Plaintiff submitted a Default Final Judgment to the State Court.

8. In the Default Judgment sent to the Court by Defendant HAYT it clearly misrepresented that "a Default was entered."

9. Stellar's attorney, Hayt knowing and willingly submitted a false Default Judgment to the Court to be entered.

10. On May 12, 2014 the Court entered Defendant's false Default Judgment and filed it. (See attached, Exhibit "F")

11. A copy of the executed Default Judgment was mailed directly to Ms. Lebeouf.

12. Upon receipt, Ms. Lebeouf immediately contacted her counsel and advised her attorney of the Default Final Judgment.

13. On May 14, 2014, as a courtesy to Defendant and in an attempt to avoid causing Ms. Lebeouf increased and unnecessary legal expenses of having Ms. Lebeouf's attorney void the erroneous default final judgment that was entered, Ms. Lebeouf's counsel in the State Action immediately contacted the Plaintiff's Counsel to advise them of the error.

14. Despite the foregoing, Stellar's attorney, Hayt refused to correct its error and contact the court to advise the State Court Judge of its error.

15. As of the filing of this Complaint Stellar has failed to contact the court to advise of Stellar's attorney error in submitting the Default Final Judgment.

16. As of the filing of this Complaint Plaintiff has failed to take any action to have the erroneous Default Final Judgment vacated.

17. Defendant has been caused to incur unnecessary attorney fees in the prosecution of the Motion to Vacate the Default Final Judgment in the State Action that was knowingly and willingly caused to be erroneously entered by Stellar's attorney.

18. Defendant's aforementioned actions were unfair and unconscionable.

19. All acts or omissions of the employees, agents or representatives of Stellar were performed within the scope of their respective employment and/or agency.

20. As a result of Stellar's its employees, agents or authorized representative's acts or omissions, Plaintiff suffered actual damages in the form of cost of attorney fees to defend against Defendant's illegal attempts to collect on the disputed de

## Count I

### VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT BY DEFENDANTS STELLAR AND HAYT

21. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 20.

22. The foregoing acts and omissions of Defendants STELLAR and its employees, agents and/or authorized representatives and HAYT constitute numerous and several violations of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692c(2), 1692e generally and 1692f generally.

23. As a result of the above violations of the FDCPA, Plaintiff is entitled to recovery for actual damages, statutory damages, and attorney's fees and costs.

## Count II

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT BY STELLAR AND HAYT

24. Plaintiff realleges and incorporates Paragraphs 1 through 20 as if fully set forth herein.

25. In connection with the subject debt, Defendants STELLAR AND HAYT engaged in illegal collection practices as are more particularly described below:

a. Attempting to assert a legal right when Defendant knew that the right did not exist in violation of Fla. Stat. § 559.72(9);

b. by communicating with client directly in violation Fla. Stat. § 559.72(18) and

25. As a direct and proximate result of the conduct and acts of the Defendants Stellar and HAYT, Plaintiff has suffered injuries, damages, and harm. Defendants are liable to Plaintiff for the full amount of statutory damages for each violation of $1,000.00, actual, and punitive damages, along with the attorney's fees and the costs of litigation.

## CLAIMS FOR RELIEF REGARDING ALL COUNTS

WHEREFORE, Plaintiff RIMI LEBEOUF seeks judgment in his favor and damages against the Defendants, STELLAR AND HAYT based on the following requested relief:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Florida Statutes 559.77(2);

e. An order directing that Defendants STELLAR AND HAYT to compensate Ms. LeBeouf for the humiliation caused by Defendant Stellar and Hayt's unlawful treatment in an amount to be determined at trial;

f. Such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

/s/ Christine Hansley
Christine S. Hansley, Esq. (FBN: 732151)
C.S. HANSLEY LAW FIRM, LLC.
3585 Murrell Road, Suite B
Rockledge, Florida 32955
Tel: 321-600-0839    Fax: 407-567-7630
Email: Cshlaw4u@aol.com